James M. Johnston and Isaac Breebner v. Samuel H. Davis.

[See 60 Mich. 56.]

*Motion for rehearing — Where based on erroneous statement, in opinion, of the finding of an essential fact specially by the jury — Will be denied if the record shows that such fact must have been found in their general verdict.*

Where, in the opinion in a case, a fact *essential* to sustain the *conclusion* reached by the appellate Court is by *mistake* stated to have been *specially* found by the jury, but upon the whole record it is clear that such fact was *necessarily* found in their *general* verdict, a motion for a rehearing on *that* ground will be denied.

Motion for rehearing. Submitted April 27, 1886. Denied May 6, 1886. The facts are stated in the opinion, and in the report of the main case, found in 60 Mich. 56.

*Moore & Canfield*, for the motion.

Morse, J. Motion for rehearing. It is claimed by defendant's counsel that the Court misunderstood the facts in the record, as shown by the opinion heretofore filed in this case. It is also contended that our decision of the cause seems to be based upon the misapprehension of facts claimed.

We have carefully re-examined the record. It is true, as

stated by counsel in their brief, that we said in the opinion that the jury found specifically in favor of plaintiffs' claim, which was in substance that the master of the Oconto agreed to bring the boiler up for $100, and land it upon plaintiffs' dock, when in fact the special question submitted to the jury, and answered by them, as appears by the record, was: "Did Capt. McGregor agree to bring up the boiler in question for $100 ?"

But this absence of a specific finding by the jury that he agreed " to land it on the plaintiffs' dock " can have no effect upon the rightful disposition of the case, as it was manifestly so found by the jury in their general verdict. · The claim of the plaintiffs all through was that the boiler was to be delivered at their dock, and, as stated in our former opinion, the captain of the Oconto did not deny it.. He testifies that when he first arrived at Alpena, and was lying at Davis' dock, he sent word to Mr. Brebner " that the boiler was here, and the charges were $150 and freight, and, if they paid the charges, we would go over there and put it off " (meaning plaintiffs' dock.)   Then Brebner came over, and said, " I would like to have that boiler over on our dock;" and the captain replied, "All right, Mr. Brebner; we will put it there if you pay the charges."

There was no controversy, in fact, about *where* it was to be landed.   The dispute was over the *price* for bringing the boiler up.   Capt. McGregor demanded no extra price for landing it at plaintiffs' dock, but recognized the fact that it was his duty to do so if he was paid what he claimed was due him.

The motion is therefore denied.

The other Justices concurred.