NICHOLS, SHEPARD & CO. (A CORPORATION) v. ELON A. MARSH, MINARD LA FEVER, AND JAMES SCOTT.

[See 61 Mich. 509.]

*Motion for rehearing—Denied where all points raised were presented and considered on original argument—Specific performance—Of verbal contract involving a continuous right—Decree should direct execution of necessary paper to secure it.*

1. A rehearing will not be granted on the ground of general and particular misapprehension of the record, and of the rights of the parties, where all the points raised were presented and considered on the original hearing.

2. Every decree for the specific performance of a *verbal* contract involving a *continuous* right necessarily involves the execution of such a document or voucher as will *secure* it.

Motion for rehearing. Submitted July 7, 1886. Denied July 15, 1886.

The facts are stated in the opinion, and in the report of the main case, found in 61 Mich. 509.

*R. A. Parker* and *Don M. Dickinson*, for motion.

*Charles F. Burton*, contra.

CAMPBELL, C. J.   A motion is made in this case for a rehearing on the ground of general and particular misapprehension of the record, and of the rights of the parties.   We discover no point which was not presented and considered on the original argument, and nothing, therefore, to call for a rehearing which would not authorize a similar application in any case where the opinion disappoints one or the other of the parties, as it must do inevitably.[1]

The only matter to which our attention is called in which it may be desirable to have the decree amended here or below is in that part which relates to specific performance.   This the bill prayed for, and the decree granted, but made no order how or when the proper release should be executed.

Every decree for specific performance of a verbal contract involving a continuous right necessarily involves the execution of such a document or voucher as will secure it.   Under the decree, as it stands, it may become necessary to have further proceedings, by attachment or otherwise, in case a reasonable demand is refused.

We think it better to have some specific time fixed within which the release shall be made, and the decree will be entered with a provision for such a release within forty days, the case to be remanded, and the decree made a decree of the court below, as usual, so as to be enforced there.

The rehearing is denied.

The other Justices concurred.

---

[1] See *Johnston v. Davis,* 61 Mich. 278.