# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 20, 2009

136738(46)(50)(53)

RODNEY MCCORMICK,
          Plaintiff-Appellant,

v

LARRY CARRIER,
          Defendant,

and

ALLIED AUTOMOTIVE GROUP, INC.,
indemnitor of GENERAL MOTORS
CORPORATION,
          Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 136738
COA: 275888
Genesee CC: 06-083549-NI

On order of the Court, the motions for leave to file briefs amicus curiae are GRANTED. The motion for reconsideration of this Court's October 22, 2008 order is considered, and it is GRANTED. We VACATE our order dated October 22, 2008. On reconsideration, the application for leave to appeal the March 25, 2008 judgment of the Court of Appeals is considered, and it is GRANTED.

WEAVER, J. (*concurring*).

I concur fully in the order granting reconsideration and leave to appeal in this case. I write separately to respond to the dissent's statements regarding the decision to grant reconsideration in this case.

The dissent erroneously asserts that the justices voting to grant reconsideration do so improperly. The dissent cites *Peoples v Evening News Ass'n*, 51 Mich 11, 21 (1883), for the proposition that this Court is precluded from granting rehearing or reconsideration when the composition of the Court has changed, absent any new arguments from the parties in the case. However, contrary to the dissent's assertions, this Court merely stated in *Peoples* that a change in the composition of this Court cannot be the *basis* for granting rehearing or reconsideration.

As such, if the composition of the Court changes, and the composition becomes such that a majority of the Court sees a reason to grant reconsideration, the majority is not precluded from granting reconsideration. If, for instance, four justices on the newly composed Court conclude that the challenged decision was erroneous, those justices can vote to grant reconsideration. The same holds true whether the deciding vote is a new justice who joined the Court after the challenged decision was released or the deciding vote comes from a justice who voted for the challenged decision and changed his or her mind after further consideration.

This practice is consistent with MCR 2.119(F)(3), which creates a "palpable error" standard for rehearing and reconsidering cases. It is up to the moving party to show palpable error that would lead to a different disposition in the case. If a majority of the Court is convinced by the moving party, the Court has the discretion to grant rehearing or reconsideration. Furthermore, while MCR 2.119(F)(3) states that a motion for reconsideration generally will not be granted if the motion only presents the same issues ruled on in the original decision in the case, MCR 2.119(F)(3) explicitly refrains from "restricting the discretion of the court" to grant reconsideration.

Accordingly, I concur in the order to grant reconsideration and leave to appeal.

CORRIGAN, J. (*dissenting*).

Seeking reconsideration, plaintiff calls on this Court to overturn our decision in *Kreiner v Fischer,* 471 Mich 109 (2004), which discusses the no-fault tort threshold, MCL 500.3135, of the Michigan automobile no-fault act, MCL 500.3101 *et seq*. On October 22, 2008, in a four to three decision, a majority of this Court denied plaintiff's application for leave to appeal the Court of Appeals decision,[1] which, consistently with the principles of *Kreiner,* had resolved the case in defendants' favor.[2] Now, although neither the law nor the facts of his case have changed, plaintiff seeks reconsideration of our order. He and his amici seek to take advantage of the intervening change in this Court's membership to reopen an otherwise final case. They have succeeded. This Court now grants reconsideration in a new four to three vote where former Chief Justice Clifford Taylor's vote to deny leave, consistent with *Kreiner,* is now supplanted by newly elected Justice Hathaway's vote to grant reconsideration and grant leave to appeal.

---

[1] *McCormick v Carrier*, 482 Mich 1018 (2008).

[2] *McCormick v Carrier,* unpublished opinion per curiam of the Court of Appeals, issued March 25, 2008 (Docket No. 275888).

As my colleagues have observed in other recent cases,[3] I wish only to reemphasize that the practice of reconsidering final orders due merely to a change in the Court's composition runs afoul of the historical principles and precedent of this Court.[4] As is particularly applicable here, in *Peoples v Evening News Ass'n*, 51 Mich 11, 21 (1883), this Court explicitly and unanimously concluded that "a rehearing will not be ordered on the ground merely that a change of members of the bench has either taken place, or is about to occur."

For these reasons I reiterate the call for caution in the wake of our recently reconstituted Court. I would not grant reconsideration of this otherwise final case or overrule the Court's 2004 *Kreiner* decision, which sought to bring clarity and finality to a very complex area of law.[5]

---

[3] I note in particular Justice Young's recent dissent to the order granting reconsideration in *Univ of Michigan Regents v Titan Ins Co*, ___ Mich ___ (Docket No. 136905, order entered July 31, 2009).

[4] E.g., *Nichols, Shepard & Co v Marsh*, 62 Mich 439, 440 (1886) ("We discover no point which was not presented and considered on the original argument, and nothing, therefore, to call for a rehearing which would not authorize a similar application in any case where the opinion disappoints one or the other of the parties, as it must do inevitably."); cf. *Thompson v Jarvis*, 40 Mich 526 (1879).

[5] The *Kreiner* opinion helpfully recounts in detail the unstable nature of the statutory and common law governing the no-fault tort threshold from 1973 to 2004. *Id.* at 114-121.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 20, 2009

p0818

_____
Clerk