# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 12, 2013

144875 (52)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

BETH HOFFMAN, Personal Representative
of the Estate of EDGAR BROWN, Deceased,
                    Plaintiff-Appellee,

v

SC: 144875
COA: 289011
Calhoun CC: 2003-003576-NH

DR. PETER BARRETT,
                    Defendant-Appellant.

_____/

On order of the Court, the motion for reconsideration is considered, and it is DENIED. We reaffirm the principle stated more than 100 years ago in *Peoples v Evening News Ass'n*, 51 Mich 11, 21 (1883), that "rehearing will not be ordered on the ground merely that a change of members of the bench has either taken place, or is about to occur." The same is true for reconsideration. Likewise, we elect to apply MCR 2.119(F)(3) to these cases, which states, "[A] motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). Instead, the moving party must demonstrate "a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Id.* In this case, the moving party has failed to satisfy either of these requirements and has, therefore, failed to demonstrate grounds for reconsideration.

Further, the Court has published for comment proposed amendments of MCR 7.313(E) and MCR 7.313(F) to incorporate into the Court's rules the standards set forth in MCR 2.119(F)(3) with regard to motions for rehearing and reconsideration. The publication order that contains the proposed rule changes is attached.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 12, 2013

_____
Clerk

t0409