## BARTON v. THOMPSON.

1. **Evidence**: DEGREE OF PROOF: DAMAGES. In a civil action to recover damages for a criminal act, the same degree of proof is required to establish the commission of the act as would be necessary to convict the defendant upon an indictment for the crime.

*Appeal from Mitchell District Court.*

FRIDAY, APRIL 20.

THE plaintiff alleges that the defendant willfully and maliciously set fire to and caused to be burned four stacks of wheat, the property of the plaintiff, worth $275. Plaintiff claims exemplary damages in the sum of $1,000.

The cause was tried by a jury, and a verdict was returned for plaintiff for $500. The motion for a new trial was overruled and judgment was entered upon the verdict. The defendant appeals.

*Pratt & Root* and *Wm. B. Fairfield*, for appellant.

*Starr, Patterson & Harrison*, for appellee.

DAY, CH. J.—The only question presented, which, in the state of the record, we can consider, arises upon the giving of the following instruction:

"The burden of the issue is such as to cast upon the plain-

Barton v. Thompson.

tiff the burden of proving the facts charged in the petition by competent evidence and to your satisfaction * * * * * * *. He is not required to prove it, however, beyond a reasonable doubt, and you may find for the plaintiff on less evidence than would be required to convict the defendant if he was on trial charged with the acts as a crime, but you cannot find for the plaintiff unless satisfied from the evidence that defendant set the fire."

1. EVIDENCE: degree of proof: damages.

The defendant insists that, as the plaintiff seeks to recover for an act which is a crime, the cause of action must be made out by the same degree of proof as would be necessary to convict the defendant upon an indictment.

The very decided weight of authority seems to favor the position of appellant. In *Thayer v. Boyle*, 30 Maine, 475, which was trespass for willfully and maliciously burning plaintiff's barn, the court held that an instruction similar to the one given in this case was erroneous. The court say: "The defendant was charged with having willfully and maliciously done acts constituting an aggravated offense against society and the laws of the land. If prosecuted criminally he was expected to be deprived of his liberty. If held responsible in this form of prosecution, the penalty in way of damages is a sum equal to three times the value of the property destroyed. The effect upon his reputation and standing in the community by a recovery in this case would be, perhaps, very little less than upon conviction for the same on indictment. Until legally proved guilty to the satisfaction of a jury he is shielded by the presumption of innocence. This protection cannot be taken away by evidence establishing only a probability of guilt, however strong that probability may be, if it amounts to nothing more. A preponderance of proof, which does not satisfy the mind, can do nothing further than to render the fact in controversy probable. To dislodge the presumption of innocence, the plaintiff was bound to satisfy the jury of the truth of the charge. We have seen that this was not done so long as a reasonable doubt remained in their minds. On this branch of the case the instructions

were not so favorable as the defendant had a right to require."

In *McConnell v. The Delaware Mutual Safety Insurance Company*, 18 Illinois, 228, where it became a question whether the assured had burned the insured property, the court, through CATON, J., said: "This question is an important one, for it involves the inquiry as to the guilt or innocence of Raney of the crime of arson, in burning his store and stock of goods covered by the policy of insurance, and incidentally of the crime of perjury in swearing to a false protest. In such a case every legal presumption is in favor of his innocence, and we should not, by our finding, pronounce him guilty unless that guilt is clearly established by evidence, excluding or overcoming every fair and reasonable hypothesis of his innocence."

The following cases hold the same doctrine: *Butman v. Hobbs*, 35 Maine, 227; *Thentell v. Beaumont*, 8 Eng. Com. Law, 337.

In *Buckmans v. Buckmans*, 17 N. J. Equity, 453, it was held that upon a bill for divorce upon the ground of adultery, the complainant must prove the charge to the satisfaction of the court beyond a reasonable doubt. See, also, *Warner v. The Commonwealth*, 2 Virginia Cases, 105, in. which the court said: "It cannot be contended that when the same fact comes in dispute in a civil and criminal case, the law requires other and different evidence to establish such fact in one case from what it requires to establish the fact in the other. The law is not, and ought not to be so."

In *Washington Union Ins. Co. v. Wilson*, 7 Wisconsin, 169, a doctrine contrary to these cases was announced; but in the subsequent case of *Pryce v. Security Ins. Co. of New York*, 35 Wisconsin, 270, after a full reference to the authorities, the point was expressly passed without determination. This case may, very fairly, be regarded as somewhat weakening the authority of the former case.

This court has held that where a defendant, in an action of libel, justifies a charge imputing a crime, he must make out his defense beyond a reasonable doubt. *Forshee v. Abrams*, 2 Iowa, 571; *Fountain v. West*, 23 Id., 1.

It would be difficult to give a satisfactory reason for requiring such proof in that case, which does not equally apply to this.

The court erred in giving this instruction.

REVERSED.

### ON REHEARING.

SEEVERS, J.—The appellee applied for and was granted a rehearing, on the ground, as claimed by counsel, that the decisions in Maine and Wisconsin, made subsequently to those cited in the opinion, had overruled those referred to in the opinion.

The case in Maine to which our attention has been called is *Ellis v. Buyfell*, 60 Me., 209. This was an action for slander, the crime imputed to the plaintiff being adultery. There was a plea of justification, and it was held it could be established by a preponderance of the evidence. The case of *Thayer v. Boyle*, cited in the foregoing opinion, is not referred to, much less is it overruled; and it is not certain but the court intended to confine the ruling to actions for libel or slander, and in this respect it is in direct conflict with the several adjudicated cases in this State. In addition to those cited in the opinion, the late case of *Ellis v. Lindley*, 38 Iowa, 461, is in point. We are not disposed to depart from the rule established in these cases, and which is supported by 2 Greenleaf, section 426.

It is said in Bishop on Marriage and Divorce, section 644: "The principle which best commends itself to reason and modern authority is, that the rules of evidence are the same in civil and criminal cases where the *issue* which is the test is the same." This rule was sanctioned in a divorce case in *Freeman v. Freeman*, 31 Wis., 235. It is true that the ruling made in *Union Fire Ins. Co. v. Wilson*, 7 Wis., was reaffirmed in *Blaeser v. Milwaukee Mutual Ins. Co.*, 37 Wis., 31; and what was said by DIXON, CH. J., in *Pryce v. Security Ins. Co.*, 29 Wis., 270, overruling *Union Fire Ins. Co. v. Wilson*, is declared to be dictum, but the rule established in *Freeman v. Freeman* is expressly approved.

VOL. XLVI—3

We are unable to distinguish the present case in principle from actions for libel or slander, or for divorce, where the charge is adultery. Where a recovery is allowed on a mere preponderance of evidence it may be supposed to be right in a majority of cases, but without doubt wrong in some. More justice, however, is done than injustice, if nothing but money is involved. Where, however, a recovery can only be had in case a crime has been committed, it is by no means certain that more justice than injustice will be done by allowing a recovery upon a mere preponderance of evidence. While the verdict and judgment in the present case cannot have the effect of consigning the defendant to the penitentiary, yet the effect, in the estimation of those who know him, must be the same. Character, a long and honorable life, should be held by a more stable tenure, and as long as a crime in a criminal case is required to be established beyond a reasonable doubt, we can see no reason why the same thing should be regarded as established in a civil action, unless equally satisfactory proof has been adduced.

It is insisted that we can modify and reduce the amount of the recovery allowed below, but we think not in this class of cases. If the defendant is not guilty of the act charged then no recovery should be had. If, on the other hand, he is guilty, it is the province of the jury, not ours, to assess the damages. The former opinion is adhered to.