WOOD v. PORTER.

| 56 | 161 |
| 90 | 589 |

1. **Evidence:** TO ESTABLISH FRAUD: DEGREE OF PROOF. A preponderance of evidence, only, is required in a civil action to establish the making of fraudulent representations. Following *Welch v. Jugenheimer*, p. 11, *ante.*

2. **Practice:** INSTRUCTIONS: ASSUMPTION OF FACTS. It is competent for the court to assume, as a basis for instruction to the jury, the existence of facts which are admitted or established by uncontradicted evidence, and unless the contrary is shown, it will be presumed that facts so assumed are thus established.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, JUNE 8.

ACTION AT LAW. The pleadings and facts of the case, so far as they are necessary to be stated for a proper understanding of the points ruled, sufficiently appear in the opinion. There was a trial to a jury and a verdict and judgment for defendant. Plaintiff appeals.

*J. C. Coad,* for appellant.

*Tannehill & Fee,* for appellee.

BECK, J.—The petition alleges that plaintiff's wife employed defendant, who is an attorney at law, to prosecute against her husband an action for a divorce and alimony; that in pursuance of his employment defendant did commence such an action and that plaintiff and his wife, soon after the commencement of the suit, settled all differences be-

tween them and became reconciled to each other and were desirous to have the action for divorce dismissed. Thereupon plaintiff called upon defendant, who had been counsel for both plaintiff and his wife, after the commencement of the divorce suit, for the purpose of having the suit dismissed and paying the costs therein, when defendant informed plaintiff that the court had ordered him to pay into court the sum of $208,-50 as costs and alimony and the cause could not be dismissed until that amount had been paid. It is alleged that these representations were false and made for the purpose of defrauding plaintiff, who, relying thereon, did pay defendant the sum of $65 in cash and executed to him a promissory note for the further sum of $93.50, which defendant transferred before maturity to a bank, having no notice of the fraud of defendant in obtaining the paper. The defendant in his answer denies all the allegations of the petition.

II.   The court instructed the jury that, to authorize them to find for plaintiff, they must be satisfied beyond a reasonable

1. EVIDENCE: to establish fraud: degree of proof.

doubt that the representations alleged were made by defendant; that they were false and that defendant knew them to be false; applying to the case the rule of *Barton v. Thompson*, 46 Iowa, 30. This case we have overruled in *Welch v. Jugenheimer*, p. 11, ante, and the rule therein announced is no longer recognized by this court. The instruction, therefore, must be now regarded as erroneous.

III.   The court instructed the jury that defendant was not the attorney of plaintiff in the divorce suit, but was the attor-

2. PRACTICE: instructions: assumption of facts.

ney of the plaintiff's wife. This instruction is the ground of an objection urged by plaintiff. While it is not competent for the court to instruct the jury upon the facts of the case, yet if a material fact is admitted or proved without conflict in the evidence, no prejudice can result from the court stating the fact as established, or that it should be regarded as established by the jury.   We have not the evidence before us, and therefore cannot ques-

tion the fact stated in the instruction complained of, but, on the contrary, we must presume that the statement was made upon the admission of the parties or upon uncontradicted evidence. For the error in the first instruction, the judgment of the Circuit Court is

·REVERSED.