No. 12,278.

The Continental Insurance Company v. Jachnichen.

Insurance.—*Action on Policy.*—*Defence that Assured Purposely Destroyed Property to Defraud Company.*— *Preponderance of Evidence.*— *Reasonable Doubt.*—*Instruction.*—Where, in an action upon a policy of insurance, it is answered that the assured purposely burned the property with the intent to defraud the insurance company, it is sufficient to establish such defence by a preponderance of the evidence, and an instruction that its truth must be established beyond a reasonable doubt is erroneous.

From the Ripley Circuit Court.

*J. O. Cravens, A. Stockinger* and *J. W. Gordon,* for appellant.

*J. G. Berkshire* and *J. L. Benham,* for appellee.

MITCHELL, J.—Jachnichen sued the Continental Insurance Company upon a policy of insurance, to recover the value of a barn and its contents, which the complaint alleged were covered by the policy, and which were alleged to have been destroyed by a fire, of unknown origin, in September, 1884.

Among other defences, the company answered that the assured had himself purposely burned the property with the intent to defraud the insurance company.

The plaintiff below recovered. The only question presented by the record, which, in view of the defective condition of the bill of exceptions purporting to contain the evidence, can be examined on this appeal, involves the propriety of an instruction given by the court at the trial.

In its fifth charge the court told the jury, that in order to maintain the defence, that the plaintiff had himself purposely destroyed the property for which he was seeking to recover, with intent to defraud the company, the latter must establish the truth of such, defence beyond a reasonable doubt.

In support of the charge thus given, it is contended, in effect, that the defence relied on imputes to the plaintiff the crime of arson; that when a crime is thus specifically charged, whether it be in a civil or criminal action, the rule is applicable, that before the issue can be found against the party thus charged, the evidence must be of such weight and certainty as to exclude all reasonable doubt of the truth of the charge made.

The question presented has been the subject of much discussion in the reported cases, as well as by writers upon the law of evidence.

The statute regulating criminal procedure requires that where there is a reasonable doubt of the defendant's guilt, he must be acquitted. The rule which demands greater certainty and weight of proof in criminal than is required in civil cases, has its foundation in the tender regard in which the law holds the life and liberty of the subject.

It had its origin, and was moulded into form and consistency, when the penal code of England visited upon offences of a comparatively trivial character the most harsh and cruel punishments. To mitigate the rigor of a code sometimes administered with severity, humane judges engrafted upon the common law the rule that no one should be convicted of a crime which affected life or liberty, until his guilt was established with such a degree of certainty as to exclude every reasonable doubt. Having grown up out of the humanity of the law, the rule is very properly retained in criminal cases, even after the reasons for it have in a great measure ceased to exist. Indeed, there is little of any rule whose origin, however remote, is found in the source whence this rule came, which should either be dissipated or obscured in the administration of the law. The consequences of a mistake, when life and liberty are involved, are so overwhelming and irreparable that the integrity of the rule which requires a greater degree of certainty and caution in such a case, before coming to a conclusion, than in a case which affects property merely, should be steadily maintained and intelligently applied. This can only be done by limiting it to the class of cases which called it into being. To extend it, is to render it obscure, and dissipate its benign effect, in the cases where its benefits should be fully realized.

In some exceptional cases, the doctrine that where a criminal act is charged in a civil action, the crime imputed must be established beyond a reasonable doubt, has gained recognition, notably in cases of libel and slander, when the defendant undertook to justify the uttering or publishing of that which amounted to a felony, and in cases where the action involved the burning of property under circumstances which amounted to arson. The rule was first extended to cases of libel and slander in England. The reason for the extension of the rule there was, that if, upon the trial of a plea of justification of a charge which imputed a felony, the defendant proved the plea, the plaintiff was subject to be put

upon trial for the felony proved, without the intervention of a grand jury. The verdict in such a case was equivalent to an indictment of the plaintiff. *Cook* v. *Field*, 3 Esp. 133; 2 Hale, star p. 150; 1 Chitty Crim. Law, 164; *Polston* v. *See*, 54 Mo. 291, 298; *Ellis* v. *Buzzell*, 60 Maine, 209.

No such reason ever existed in this country for the application of the rule, and it may, therefore, be said, it has been applied without any adequate reason. It may well be doubted whether its application can be supported upon principle, notwithstanding the precedents in its favor.

In the case last cited, speaking of the rule as applicable to a case of slander, the Supreme Court of Maine says: " But we think it time to limit the application of a rule which was originally adopted *in favorem vitæ* in the days of a sanguinary penal code, to cases arising on the criminal docket, and no longer to suffer it to obstruct or encumber the action of juries in civil suits sounding only in damages."

Leaving the subject so far as it relates to cases of slander and libel for further examination, when such a case arises, it is only proper to add here, that the current of modern authority tends strongly in the direction indicated by the Supreme Court of Maine, in *Ellis* v. *Buzzell, supra*. 10 Am. L. Rev. 642.

In respect to other civil actions, in which the commission of a crime is in issue, CAMPBELL, J., disposed of the whole subject in the following terse declaration: "There is no rule of evidence which requires a greater preponderance of proof to authorize a verdict in one civil action than in another, by reason of the peculiar questions involved. * * * There is no rule of law which adopts any sliding scale of belief in civil controversies." *Elliott* v. *VanBuren*, 33 Mich. 49 (20 Am. R. 668). So, in the case of *Gordon* v. *Parmelee*, 15 Gray, 413, DEWEY, J., said: "It is better that the rule be uniform in all civil cases, leaving the instruction 'that the jury must be satisfied of the guilt of the party beyond a reasonable doubt' to apply solely to criminal cases."

As a matter of course, when an infamous charge is preferred, whether it be in a civil or criminal case, the same presumptions of innocence attach in favor of the party assailed, and doubtless the jury should scrutinize the evidence with greater caution before coming to a conclusion in favor of guilt; but, as is said by a learned author, "In civil issues the result should follow the preponderance of evidence, even though the result imputes crime." Wharton Ev., section 1246.

The rule that a preponderance of the evidence is all that is necessary to maintain the affirmative of the issue in a civil case, is not vitiated by directing the attention of the jury to the nature of the issue, and to the presumption of innocence where a crime is charged, nor by reminding them that more evidence is required to create a preponderance and establish guilt over such presumption, than is required where no such presumption obtains. To create a preponderance, the evidence must overcome the opposing presumptions, as well as the opposing evidence. *Decker* v. *Somerset M. F. Ins. Co.*, 66 Maine, 406; *Lyon* v. *Fleahman*, 34 Ohio St. 151.

In proportion as the crime imputed is heinous and unnatural, the presumption of innocence grows stronger and more abiding, and until such presumption and all countervailing evidence are overborne with satisfactory evidence of guilt, it can not be said there is a preponderance against the party accused. But the preponderance may outweigh the presumption of innocence, and all the evidence sustaining the presumption.

Some of the text-writers, and several of the earlier reported cases, approve the doctrine, that where a criminal act is charged, even in a civil action, other than slander or libel, the charge must be established beyond a reasonable doubt, before a recovery can be had, by the party making the charge. 2 Greenl. Ev., section 408; Taylor Ev., sec. 97*a*; 2 Bishop Mar. & Div., section 644; *Thurtell* v. *Beaumont*, 1 Bing. 339; *Barton* v. *Thompson*, 46 Iowa, 30; *Lexington Ins. Co.* v. *Paver*, 16 Ohio, 324; *McConnel* v. *Delaware M. S. Ins.*

*Co.,* 18 Ill. 228; *Thayer* v. *Boyle,* 30 Maine, 475 ; *Kane* v. *Hibernia Ins. Co.,* 38 N. J. 441 (20 Am. R. 409).

The more recent authorities are, however, decidedly adverse to this view.

In the case of *Barton* v. *Thompson, supra,* the rule applied by the learned judge below was distinctly sanctioned by the Supreme Court of Iowa. The same learned court, constrained by the weight of authority, expressly overruled *Barton* v. *Thompson, supra,* in the more recent case of *Welch* v. *Jugenheimer,* 56 Iowa, 11. So, also, the Supreme Court of New Jersey, in *Kane* v. *Hibernia Ins. Co., supra,* following the authority of Greenleaf, and the libel and slander cases, adopted the rule contended for by the appellee. Upon an exhaustive review of the same subject, the Court of Appeals in New Jersey overruled the former decision, in *Kane* v. *Hibernia Ins. Co.,* 39 N. J. 697 (23 Am. R. 239). In this last case, some of the judges undertook to maintain a distinction between cases such as this, and cases of libel and slander ; while others refused their assent to the attempted distinction, apparently by favoring the abrogation of the rule in all civil cases. Indeed, so far as we have observed, all the courts which, in some of the earlier cases, applied the rule under consideration to civil actions, have more latterly receded from their former holdings in that regard. *Jones* v. *Greaves,* 26 Ohio St. 2 (20 Am. R. 752) ; *Lyon* v. *Fleahman, supra; Blaeser* v. *Milwaukee, etc., Ins. Co.,* 37 Wis. 31 (19 Am. R. 747); *Marshall* v. *Thames Ins. Co.,* 43 Mo. 586 ; *Rothschild* v. *American Cent. Ins. Co.,* 62 Mo. 356; *Schmidt* v. *New York, etc., Ins. Co.,* 1 Gray, 529 ; *Bissell* v. *Wert,* 35 Ind. 54; *Scott* v. *Home Ins. Co.,* 1 Dillon, 105 ; Cooley Torts, p. 208 ; May Ins., section 583.

It may, therefore, be considered as established, that in civil actions of this class, the rights of the parties are to be determined by a preponderance of the evidence. Being a civil action, it is subject to all the rules which belong to actions of that class, without regard to the fact, that the matter in

issue may involve the imputation of a crime. This applies as well to the admissibility of evidence in respect to the character of the parties, as to all the other distinctions between civil and criminal actions. *Welch* v. *Jugenheimer, supra* (41 Am. R. 77); *Barton* v. *Thompson, supra* (41 Am. R. 119); *Gebhart* v. *Burkett,* 57 Ind. 378 (26 Am. R. 61), and cases cited.

Judgment reversed, with costs.

Filed March 9, 1887.