EDWARDS *et al.* v. GEORGE KNAPP & COMPANY,
*Appellant.*

1. **Libel and Slander:** TRUTH AS JUSTIFICATION: QUANTUM OF EVIDENCE TO ESTABLISH. In a civil action for libel, where the truth is pleaded in justification of a charge imputing a crime, the defendant is not required to establish the charge beyond a reasonable doubt, a preponderance of the evidence being sufficient. (*Overruling Polston v. See*, 54 Mo. 291).

2. ————: PLEADING. A plea in justification, that plaintiff had had sexual intercourse with her brother, is sufficient to cover the charge that she had had such intercourse and that pregnancy resulted therefrom.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*James J. Lindley* and *E. P. Lindley* for appellant.

(1) The court, by plaintiff's instructions numbered four and five, instructed the jury that to support the plea of justification of the charge, that the plaintiff did have carnal intercourse with her brother, the same proof must be adduced as would be necessary to convict the plaintiff upon an indictment for the crime of incest, and if the jury entertained a reasonable doubt of the plaintiff's guilt of the crime charged against her, they should find a verdict for the plaintiffs. This was error. *Bailey v. Norton*, 65 Iowa, 306; *Ins. Co. v. Jachniden*, 110 Ind. 62; *Ellis v. Buzzell*, 60 Me. 209; Note to *Sprague v. Dodge*, 95 Am. Dec. 528; *Peoples v. Evening News Association*, 51 Mich. 11. (2) The plea of justification was as broad as the charge. *Moberly v. Preston*, 8 Mo. 463 · *Snow v. Witcher*, 9 Ire. 348.

*Crosby, Rusk & Craig* for respondents.

(1) No justification of the charge of pregnancy, nor even attempt to prove its existence, having been made by appellant, and the question, whether the charge was any aggravation of what appellant claims to be the main charge, having been left to the jury, the verdict must be for plaintiffs, regardless of any alleged error of the instruction as to reasonable doubt concerning the commission of the crime of incest. "When a part of a divisible charge is justified, the defendant is liable for the part not justified," and "when the charge is entire and justification is pleaded, but fails as to a part, plaintiff is entitled to a verdict." Townshend on Slander and Libel, sec. 359. (2) That respondents' instructions numbered four and five, concerning reasonable doubt, contained the law as it was in this state at the time the instructions were given is conceded, and counsel can hardly be serious in asking this court to reverse a case of this importance and thereby reverse itself rather than leave it to legislative action to change the law if desired. Should it be deemed advisable, however, for the court to change the rule in question, following the widely quoted and able dissenting opinion rather than that rendered by the court in *Polston v. See,* 54 Mo. 291, such decision could not affect the result in this case.

NORTON, C. J.—This is an action for libel in which plaintiffs obtained judgment for five thousand dollars, from which defendant has appealed, and as one of the points relied upon to sustain the appeal arises on the pleadings it is necessary to insert so much of them as bears upon the point raised, and hereinafter adverted to. Plaintiffs charge in their petition that on the eighteenth day of January, 1885, defendant maliciously published of and concerning the female plaintiff the false and defamatory words and libel as follows:

"CAUSE OF A DOUBLE MURDER.

"*Special to the Republican.*

"ST. JOSEPH, Mo., January 17.—The cause that led to the horrible murder of Austie and Adella McLaughlin, aged seven and nine years respectively, near Flag Springs, Andrew county, in August last, for which crime Oliver H. Bateman was hanged at Savannah on November 21, last, is now unearthed. The deed was the most damnable in the criminal history of the state and the motive that led to its commission has been a matter of no little conjecture. It was predicted that Bateman would weaken and make a confession before the date of his execution, but he failed to do so. On the other hand, he claimed to have experienced religion and denied that there were any facts that he had kept from the public. The McLaughlin and Bateman families lived neighbors, and one Sunday in August the little girls who were murdered went to the Bateman residence to spend the afternoon. There was no one at home but Oliver Bateman and his sister, a young girl in her teens. The children remained a couple of hours and then started home, but never reached their destination. On the following day their little bodies were found in a cornfield, lifeless. The eldest, Adella, had been outraged and her throat cut, while a pistol ball had penetrated the brain of the younger. Oliver H. Bateman was arrested a few days later and made a confession of his guilt, which led to his execution on the gallows. To-day your correspondent met two prominent farmers of Andrew county, who reside in the neighborhood of the McLaughlin and Bateman families. From them it was ascertained that the sister of the murderer is now in a delicate condition, and there is no doubt that she was ruined by her brother, Oliver A. Bateman, who was a couple of years her senior. Their theory, and that of the entire neighborhood is, that when the McLaughlin children visited

the home of the Batemans, on that Sunday afternoon in August last, they saw something that led young Bateman to fear exposure, and that he followed the children when they departed for home, and brutally murdered them in the field where their bodies were found. The Gazette of this city will to-morrow publish an article giving the facts substantially as related above, and the motive that actuated Oliver H. Bateman to commit the deed will no longer remain a mystery."

Defendant in its answer admits the publication and sets up in justification : " That it is true that, on the fifteenth day of June, 1884, in an outhouse on the farm of Thomas Bateman, the father of the female plaintiff, and of Oliver Bateman, the said Oliver Bateman did have carnal, sexual intercourse with said female plaintiff. And further, in justification, says that, on the twenty-first day of August, 1884, two little girls, Austie and Adella McLaughlin, went to the house of Thomas Bateman and found no one at home but the female plaintiff and her brother, Oliver Bateman, and said little girls saw said Oliver fondling and caressing said plaintiff, manifest a lustful passion for her, unbecoming, improper, and wrong by a brother towards a sister."

The court, by instructions numbered four and five, told the jury that defendant's plea justifying the charge made that the female plaintiff had been ruined by her brother Oliver, amounts to an allegation that she had committed the crime of incest, and it devolved upon defendant to establish and prove the charge beyond a reasonable doubt. This action of the court is assigned for error.

The said instructions were warranted by the ruling made in the case of *Polston v. See*, 54 Mo. 291 ; but inasmuch as that ruling was made by a divided court, and is claimed to be not in harmony with the ruling in the case of *Marshal v. Insurance Company*, 43 Mo. 586, we are asked to reconsider it and lay down a rule

in harmony with that asserted in 43 Mo. *supra*, and in harmony with the rule which it is claimed generally prevails in the courts of this country. And inasmuch as no authority is cited in the case of *Polston v. See*, *supra*, in support of the rule there laid down, and none in the brief of counsel except 2 Greenl. Ev., section 426, and inasmuch as in the dissenting opinion by SHERWOOD, J., the authorities therein cited bear directly upon the question involved, and favor the conclusion therein announced, it is deemed not to be inappropriate to review the rule established in the majority opinion, and establish a rule according to principle and weight of authority. In the case of *Marshall v. Ins. Co.*, *supra*, where suit was brought to recover insurance on a steamboat destroyed by fire, the defense set up was that the owners of the boat had wilfully burned it, thereby imputing to them the crime of arson, it was held broadly that "*in all civil cases* it is the duty of the jury to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth," and it was further held that an instruction in that case to the above effect was proper, though the whole defense was staked upon the issue thus made. The ruling thus made is logically antagonistic to that made in the case of *Polston v. See*, *supra*.

Conceding that the English authorities relied upon to sustain the text as laid down in section 426, Greenl. Ev., *supra*, give support to it, the reason for its adoption in England, as is clearly shown in the dissenting opinion above referred to, has no application here, the reason being that according to the English practice, if, upon a trial of the plea of justification in a slander suit, when a felony is imputed, the issue was found for defendant, the plaintiff was thereupon held to answer for the felony without any further accusation, the verdict being held equivalent to an indictment and the intervention of a grand jury therefore unnecessary. And

.as the reason of the rule has no application here, the English cases establishing it do not amount to persuasive authority, and for the status of the question we are remitted to reason, and to what has been held by the courts of this country.

At the time the case of *Polston v. See, supra,* was decided, in the states of Iowa and Indiana, the rule was laid down as stated by Mr. Greenleaf in section 426, *supra,* but since then, it has been directly repudiated in Iowa, and in effect in Indiana. In the case of *Riley v. Norton,* 65 Iowa, 306, decided in 1884, which was a slander suit where the crime charged was larceny, and where the defendant pleaded the truth of the charge, it is said: "The court instructed the jury that the defendant must establish beyond a reasonable doubt that the plaintiff did commit the crime of larceny in manner and form as defendant had pleaded. This instruction is in accord with *Bradley v. Kennedy,* 2 G. Greene, 231; *Forshee v. Abrams,* 2 Iowa, 571; *Fountain v. West,* 23 Iowa, 9; *Ellis v. Lindley,* 38 Iowa, 461. * * * It is logically impossible to say that one rule should obtain when an action is brought to recover damages caused by the commission of the crime of arson, and another in an action brought to recover damages for slander charging such crime, when the defendant pleads justification. * * * We deem it unnecessary to enter into an extended discussion of the pending question, simply contenting ourselves with saying that 'in our opinion the decided weight of the latest authorities is opposed to *Fountain v. West,* and other cases above cited, and that they should be and are hereby overruled.

So, in Indiana, in case of *Continental Ins. Co. v. Jachnichen,* 110 Ind. 59, it is held, where in an action on a policy of insurance it is answered that the accused burned the property with intent to defraud the company, it is sufficient to establish such defense by a preponderance of the evidence, and an instruction that its truth

must be established beyond a reasonable doubt is erroneous. In disposing of the question, after speaking of the extension of the rule in criminal cases, requiring the crime to be proved beyond a reasonable doubt, to civil cases, it is said : "The rule was first extended to cases of libel and slander in England"; and after showing the reason for its establishment there, it is further said : "No such reason ever existed in this country for the application of the rule, and it may, therefore be said that it has been applied without adequate reason. It may well be doubted whether its application can be supported upon principle, notwithstanding the precedents in its favor."

It may, therefore, be observed that the rule stated by Mr. Greenleaf, though it had taken root in both the above states, was uprooted by the decisions referred to.

In *Ellis v. Buzzell*, 60 Maine, 209, in speaking of the rule requiring that in an action of slander where crime is imputed and the defendant justifies, the charge must be proved beyond a reasonable doubt, it is said : "But we think it is time to limit the application of a rule, which was originally adopted *in favorem vitae*, in the days of a sanguinary code, to cases arising on the criminal docket, and no longer suffer it to obstruct or encumber the action of juries in civil suits sounding only in damages." So, in *People's v. Evening News Ass'n*, 51 Mich. 11, which was a proceeding for libel, when the defendant justified the charge which imputed a crime, it is held that defendant was only required to sustain the charge by a preponderance of the evidence. *Bradish v. Bliss*, 35 Vt. 326 ; *Matthews v. Huntley*, 9 N. H. 150, are to the same effect. See also, 10 Am. Law Review, 642, where an exhaustive article on this subject is to be found.

From what has been said, it will be seen that the English authorities referred to, in support of the rule in section 426, of Greenl. Ev., *supra*, have no application here, and that the Iowa cases cited in support of it

have been expressly overruled, and the Indiana cases in effect overruled. We therefore conclude that the rule stated in *Marshall v. Ins. Co.*, *supra*, that in civil cases the rights' of the parties are to be determined by the preponderance of the evidence, is the correct one, both on principle and authority, and that the case of *Polston v. See*, *supra*, in so far as it holds that, in an action of slander or libel when a crime is imputed and the defendant justifies, he must introduce evidence sustaining his plea beyond a reasonable doubt, ought no longer to be followed and it is hereby overruled.

It is also insisted that the court erred in holding, by instruction number one given for plaintiffs, that the charge of pregnancy involved in the publication was separate and distinct from the charge therein made that the female plaintiff did have carnal and sexual intercourse with her brother, and that the plea of justification was not as broad as the charge. This point we think is well taken ; the charge in the publication, in substance and effect, is, that the female plaintiff did have carnal and sexual intercourse with her brother and that pregnancy was the result of it. In the case of *Snow v. Witcher*, 9 Ire. [N. C.] 346, a similar point was made, where the charge was that the female plaintiff "had lost a little one," and it is held that it was sufficient to plead and prove that the plaintiff was an incontinent woman, and in the disposition of the question, it is said; " It is insisted that the words 'she had lost a little one' not only charged that plaintiff was incontinent, but that she had brought forth a bastard child, and that the plea should aver the fact and the evidence show it to be true. Conception and delivery are mere effects of nature, there is no harm in them *per se*. The guilt lies in the criminal intercourse which is made neither greater nor less by the collateral circumstances of conception and delivery, although these circumstances may be considered unfortunate as leading to detection and exposure. Criminal intercourse is the

gist of the charge, and is all that the plea need aver, or the evidence establish."

For error committed in giving the instruction last commented upon, and in giving the fourth and fifth instructions requiring defendant to prove his plea of justification beyond a reasonable doubt, the judgment is reversed and cause remanded. All concur except RAY, J., absent.